IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DENTON HOUSING AUTHORITY,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CASE NO. 4:25-cv-00774** |
| | § | |
| **PROVIDENCE HOMEOWNERS** | § | **JURY TRIAL DEMANDED** |
| **ASSOCIATION, INC. AND** | § | |
| **FIRSTSERVICE RESIDENTIAL** | § | |
| **TEXAS, INC.** | § | |
| | § | |
| *Defendants.* | | |

## AGREED STIPULATED CONFIDENTIALITY ORDER

WHEREAS, it is anticipated that the parties to this lawsuit will be producing documents and supplying information, which a party may regard as proprietary or otherwise confidential, during the discovery phase of this action;

WHEREAS, it is also anticipated that court filings in this matter will include references to documents or information that a party may regard as proprietary or otherwise confidential;

WHEREAS, it is further anticipated that deposition testimony in this matter will include references to documents or information that a party may regard as proprietary or otherwise confidential;

WHEREAS, the parties to this action desire to protect the confidentiality of any such proprietary or otherwise confidential documents or testimony furnished in the course of this action;

IT IS HEREBY stipulated and made an Order of the Court that—until this Stipulated Confidentiality Order is amended or superseded—all parties and their agents, including their employees and counsel, who are provided with Confidential Information (as defined below) shall

follow the procedures set forth below with respect to certain documents, information, or testimony provided or exchanged in this action.

**A.    Scope**

1.    This order (the "Order") shall govern all documents and information produced by any party to this action, whether produced informally or pursuant to a formal discovery request, and shall also include all documents or information revealed during a deposition, in any interrogatory answer, or otherwise disclosed via discovery.

2.    This Order shall govern all documents and information produced by any Non-Party or Third Party during this action whether produced informally or pursuant to a formal discovery request.

3.    Nothing in this Order precludes any party from seeking relief from the Court with regard to the production of documents or information or to the designation of documents or information as "Confidential" or "Confidential- Attorneys' Eyes Only."

4.    This Order does not alter any confidentiality obligations that a party may have at law or under another agreement.

5.    Nothing in this Order shall be construed as an agreement or acknowledgment by the non-producing party that any document, testimony, or other information designated as "Confidential" or "Confidential—Attorneys' Eyes Only" (as those phrases are defined below) constitutes a trade secret or is in fact confidential or protected under applicable state or federal law. All rights of all parties are reserved.

6.    Any party may move for a protective order from the Court to obtain the "Confidential Information" or "Confidential – Attorneys' Eyes Only" designation for any documents or other forms of information within the scope of this Order that is produced without

2

such a classification. In the event that any party gives written notice to all parties regarding documents without such a classification, the documents shall be considered to be classified as "Confidential – Attorneys' Eyes Only" until the motion for protective order is resolved. The motion to Court and the opposition may include either the contested document filed under seal or a description of the document and its information that does not disclose the Confidential Information but provides and adequate identification and summary of the information for the Court's consideration.

**B.    Confidential Information**

1.    Materials that contain sensitive information may be designated as "Confidential" or as "Confidential—Attorneys' Eyes Only." The producing party will make such a designation only for those documents or discovery responses that are in good faith believed to contain or constitute valuable confidential, proprietary, trade secret, or otherwise sensitive information Materials so designated are referred to herein as "Confidential Information."

2.    "Confidential – Attorneys' Eyes Only" information refers to any document, material, or information that contains highly sensitive personal, financial, proprietary, or private data, the disclosure of which to the receiving party or the public would create a substantial risk of serious harm that could not be avoided by less restrictive means. This includes, but is not limited to, personally identifiable information (PII), sensitive health or financial records, and information protected by federal or state privacy laws. Sensitive information includes the current address or other identifying information (such as, but not limited to, street address, apartment number, or other specific location data) of - voucher holders, including those who may be survivors of domestic violence, dating violence, sexual assault, or stalking. Such information may only be disclosed to counsel of record, their staff, and experts or consultants retained for the litigation, or

subject to the terms of this Order in Section C.2 below. Each party reserves the right to contest whether any information marked as "Confidential" or "Confidential – Attorneys' Eyes Only" is protected from disclosure by any federal or state privacy laws, and whether such information should remain protected under the terms of this Order, and nothing within this Order modifies the scope of discovery.

3.    Documents shall be designated as Confidential Information by marking or stamping each page of any such document as "Confidential" or "Confidential—Attorneys' Eyes Only," or otherwise identifying such documents by Bates production numbers or other unequivocal identifier in writing to each party receiving the Confidential Information. In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged.

4.    With respect to deposition testimony that constitutes or references Confidential Information, confidential portions of the transcript may be designated as such on the record at the time the testimony is given, and additional portions of the testimony may be designated as "Confidential" or "Confidential—Attorneys' Eyes Only" within ten (10) days of receipt of the transcript. Until the ten-day period has expired, the entire transcript shall be treated as Confidential Information if any portions had been so designated on the record. Additionally, in any deposition in which documents designated as containing Confidential Information are marked as exhibits, shown to the deponent, or otherwise employed, those documents shall be considered confidential and subject to the provisions of this Order.

5.    If a party seeks to designate a document or other information subject to this Order as "Confidential—Attorneys' Eyes Only," upon request, that party must identify a legal basis specific to that document that requires prohibiting others from viewing it. Any objection to a "Confidential—Attorney's Eyes Only" designation shall follow the same procedure as an objection

to an ordinary "Confidential" designation. Specifically, any party may contest the designation of a particular document – whether marked Confidential or Confidential - Attorney's Eyes Only - by filing a motion with the Court.

**C.      Treatment of Confidential Information**

1.      Except as otherwise provided in this Order or subsequent court rulings, documents designated as "Confidential" shall not be disclosed or shown to anyone other than:

(a) The parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(b) Outside counsel for the parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(c) In-house counsel for the parties, their employees, and their agents to whom it is necessary that Confidential Information be shown for purposes of this proceeding;

(d) Persons employed by any counsel solely for the purpose of assisting in the preparation of this action for trial, including but not limited to experts, their staff, and support personnel to whom it is necessary that Confidential Information be shown for purposes of assisting in such preparation;

(e) The Court or persons employed by the Court, including the jury;

(f) Duly qualified court reporters and videographers participating in these proceedings;

(g) Persons who were the authors or recipients of the documents in the ordinary course of business;

(h) Witnesses in preparation for or in the course of depositions or the trial of this matter; and

(i) Persons who, in addition to those identified above, are permitted access by either order of the Court or stipulation.

2.      In the event that documents or testimony are designated as "Confidential— Attorneys' Eyes Only," such information shall not be disclosed or shown to anyone other than the persons described in paragraph C.1(b), C.1(d), C.1(e), C.1(f), C.1(g), and C.1(i).

5

3.      Confidential Information and Confidential – Attorneys Eyes Only Information shall be used by the receiving party solely for the prosecution or defense of this housing discrimination litigation arising from and/or related to the June 2022 enactment of certain Rental and Leasing Restrictions (and other rules) and only as provided in this Stipulated Confidentiality Order.

4.      Before disclosing Confidential Information or Confidential- Attorneys Eyes Only Information to any third party pursuant to this Order, the disclosing party must provide prior written notice to all parties to the litigation and the producing party or the party designating the information as Confidential Information. Such disclosure shall not be made until (1) such party consents to the disclosure; or (2) the court resolves any objections to the disclosure, whichever is earlier. Any objections to such disclosure shall be made in writing to the court within ten (10) business days of receipt of the notice

5.      Notwithstanding anything to the contrary in the foregoing paragraphs, any party may use without restriction: (a) its own documents or information; and (b) documents or information developed or obtained by a receiving party independently of discovery in this action.

6.      Each person given access to designated Confidential Information shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulated Confidentiality Order. To the extent such person is neither a party nor employed by a party, such person shall sign an agreement to be bound to this Order before any Confidential Information is disclosed.

7.      No Confidential Information, including Confidential – Attorneys' Eyes Only, shall be filed with the Court or used in a hearing unless the party seeking to file or use the Confidential Information has provided, at least five (5) business days before the filing or hearing, written notice to all parties and any person designating the information as Confidential Information. This pre-

filing notice shall identify the specific information that the party intends to file or use. Any objections to such filing or use shall be made in writing to the Court within the five-day period with a request for an expedited hearing. If objections are lodged, the Confidential Information must not be filed or used until further instruction from the Court, unless the information is filed pursuant to the Court's procedures for filing documents under seal or its substantial equivalent.

8.     The inadvertent or unintentional disclosure of Confidential Information or Confidential – Attorneys' Eyes Only Information, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter if, within ten (10) days of discovering the inadvertent failure to designate the material as confidential, the person or entity that provided the Confidential Information identifies the material produced and amends the designation.

9.     Within thirty (30) days of the settlement or final adjudication, including appeals, of the action in which the documents have been produced, all Confidential Information and Confidential – Attorneys' Eyes Only Information supplied by the parties and non-parties and all copies thereof shall, upon request, be certified to have been destroyed or deleted. However, it is understood that each party may retain a complete file of all litigation documents filed with the Court in these actions and that work product in the possession or control of counsel for any party that reflects or includes information derived from documents or testimony designated as confidential will not be destroyed or deleted.

10.     Any dispute concerning the application of this Stipulated Confidentiality Order shall be heard by the Court upon motion by the objecting party. Any violation of this Stipulated Confidentiality Order may result in sanctions and costs.

11.     The Parties may agree to revisions of the deadlines and other terms within this Order by an agreement in writing signed by, or on behalf of, the parties in interest or their counsel.

Stipulated to and Agreed to by:

*Robert Hunter*

Counsel for Plaintiff Denton Housing Authority

*David Talbot by permission James C. Burnett*

Counsel for Defendant
Providence Homeowners Association, Inc.

*James C. Burnett*

Counsel for Defendant
First Service Residential Texas, Inc.

8